UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BANK FIRST, N.A., successor by merger to HOMETOWN BANK,

Plaintiff,

v.

Case No.

INTERBANK,

Defendant.

**NOTICE OF REMOVAL**

Defendant InterBank ("InterBank"), by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Civ. L.R. 8, from the Circuit Court of Manitowoc County, Wisconsin, to the Green Bay Division of the United States District Court for the Eastern District of Wisconsin. As grounds for removal, Interbank states as follows:

**BACKGROUND**

1. Plaintiff, Bank First, N.A. ("Bank First"), successor by merger to Hometown Bank, filed this action on October 19, 2026, in the Circuit Court for Manitowoc County, Wisconsin, bearing case number 26CV471. (Ex. 1, State Court Complaint.)

2. InterBank first received a copy of the Complaint when Bank First's counsel provided a courtesy copy of the Complaint to InterBank's counsel on October 22, 2026. (Declaration of Jenny Johnson Holman, ¶¶ 3-4.)

3. No other process, pleadings, or orders have been served on InterBank in this action.

4. InterBank accepted service on November 12, 2026. (Ex. 2, Admission of Service.)

5. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

6. Without conceding that venue is not more appropriate in another federal district, venue is proper in this Court because Manitowoc County is located within the Eastern District of Wisconsin. 28 U.S.C. §§ 130 and 1441(a).

7. Bank First seeks to hold InterBank liable under two participation agreements the parties executed. (Compl., ¶¶ 1-6.) InterBank sold to Bank First "participation interests" in two loans. (*Id.*) According to the Complaint, Bank First's "pro rata share of the outstanding indebtedness of the loans amounts to several million dollars." (*Id.*, ¶ 5.)

8. Acting as the lead, InterBank has exercised its discretion to enter three forbearance agreements with the borrower. (Compl., ¶¶ 21, 27, 34, 36, 48.) Both InterBank and Bank First continue to receive periodic payments on the loan. (*Id.*, ¶ 55.)

9. Bank First asserts claims for breach of contract and declaratory relief. (*Id.*, ¶¶ 58-94.) It contends that InterBank breached its contractual servicing obligations by not pursuing more aggressive collection actions related to the loans in

which Bank First has multi-million dollar participation interests. The Complaint seeks an award of damages as well as declaratory relief limiting InterBank's lead authority under the participation agreements. As a result, more than $75,000 is in controversy.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Bank First and a copy is being filed with the Clerk of the Circuit Court for Manitowoc County, Wisconsin.

11. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

12. By filing a Notice of Removal in this matter, InterBank does not waive its right to object to jurisdiction over the person or to venue, and InterBank specifically reserves its rights to assert all available defenses or objections.

13. InterBank reserves the right to amend or supplement this Notice of Removal.

14. If any question arises as to the removability of this action, InterBank respectfully requests the opportunity to respond.

## **ARGUMENT**

15. Removal here is proper under 28 U.S.C. §§ 1332 and 1441, which permit removal where (A) complete diversity exists between the plaintiff and defendant and (B) the amount in controversy exceeds $75,000. *See, e.g.*, *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021); Civ. L.R. 8 (requiring that a "notice of removal [that] asserts jurisdiction based on diversity of citizenship ... must identify

the amount in controversy and the citizenship of each party to the litigation"). Both elements are met here.

**A. There is Complete Diversity of Citizenship Between the Parties.**

16. Plaintiff, Bank First, is a national banking association. (Compl., ¶ 7.)

17. For diversity purposes, national banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, the U.S. Supreme Court construed "located" to mean "the State designated in its articles of association as its main office." 546 U.S. 303, 318 (2006); *PNC Bank, Nat'l Ass'n v. Boytor*, 109 F.4th 495, 503 n. 9 (7th Cir. 2024) (citing *Wachovia Bank* for the proposition that "a national bank is located in the state where it has its main office, not in every state where it has branch offices").

18. The Complaint alleges that Bank First's "principal place of business" is 402 N. 8th St., Manitowoc, WI 54220. (Compl., ¶ 7.) Moreover, the Office of the Comptroller of the Currency ("OCC)—the chartering authority for national banking associations—provides the same for Bank First's corporate headquarter.[1] Upon information and belief, Bank First's articles of association designate Wisconsin as the location of its main office.

19. Moreover, to the extent relevant, Bank First is the successor in interest (via merger) to another Wisconsin resident, Hometown Bank, a state bank. (Compl.,

---

[1] See Off. of the Comptroller of the Currency, Corporate Applications Search, OCC Control No. 2025-Combination-342919, https://apps.occ.gov/CAS/home/details?FilingID=1awoLq65grAp&FilingSubtypeID=1034&FilingTypeID=11 (last visited Nov. 20, 2026) (listing Bank First's headquarters address and charter number 4975).

¶ 7.) For diversity purposes, a state-chartered bank is a citizen of both the state where it has its principal place of business and where it was incorporated. *Wachovia Bank*, 546 U.S. at 306. As a Wisconsin-chartered bank, Hometown filed its articles of incorporation with the State of Wisconsin. Wis. Stat. § 221.0206(1). Upon information and belief, Hometown Bank's principal place of business was also in Wisconsin.

20. Defendant, InterBank, is an Oklahoma state bank with its principal place of business at 4921 N. May Avenue, Oklahoma City, Oklahoma. (Compl., ¶ 8.) InterBank is, therefore, a citizen of Oklahoma. *Wachovia Bank*, 546 U.S. at 306.

21. There is complete diversity under 28 U.S.C. § 1332(a)(1) because Bank First is a citizen of Wisconsin and InterBank is a citizen of Oklahoma.

**B. The Amount in Controversy Exceeds $75,000.**

22. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

23. Where diversity jurisdiction provides the basis for federal jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

24. Calculation of the amount in controversy must include damages, not interest and costs, but the Court may consider contractual attorney's fees.

25. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").

26. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed" the amount-in-controversy threshold of § 1332, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732 (7th Cir. 2021) (cleaned up).

27. Although Bank First does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs.

28. While InterBank disputes that Bank First is entitled to any sort of relief, it agrees that more than $75,000 is at stake.

29. Bank First's action arises from the two participation agreements with InterBank, through which Bank First contributed several million dollars for an interest in loans valued at substantially more. (Compl., ¶ 5 ("Bank First's pro rata share of the outstanding indebtedness of the loans amounts to several million dollars.").)

30. Generally, the Complaint alleges InterBank has not serviced the underlying loans as Bank First would prefer. According to Bank First, InterBank should have been more aggressive in collections, including when the underlying borrower did not meet payment terms in the first two forbearance agreements. Bank First claims it was injured as a result, including not receiving scheduled payments and eventually bearing a pro rata share of additional administrative expenses.

(Compl., ¶¶ 38. 41.) It also contends InterBank's non-action risks deterioration of the collateral. (Compl., ¶ 5.)

31. Bank First claims these damages arise because "the Third Forbearance Agreement will leave the loans unenforced for more than twenty-six months after their maturity, during which Bank First will be expected to bear its pro rata share of InterBank's expenses and of the continued deterioration of the collateral and the borrower's creditworthiness." (Compl., ¶ 19.) Bank First also contends it has not received all of the payments to which it is allegedly owed. (Compl., ¶ 42.) Because of the multi-million dollar loan amounts at issue, the unenforced payment obligations along with the loan administration expenses far exceed $75,000.

32. Bank First also seeks declaratory relief regarding its rights under the participation agreements. The requested declarations would invalidate the most recent forbearance agreement, require InterBank to cover Bank First's share of the administrative expenses incurred during the forbearance period, and prohibit InterBank from granting further relief to the underlying borrower. (Compl., ¶ 89.) Considering these declarations relate to an eight-figure loan (or seven-figures, if only the participation interests are considered), the claim for declaratory relief alone puts more than $75,000 at issue. *See Foley Living Tr. Dated Nov. 5, 2007 v. Burger*, No. 24-C-1008, 2024 WL 4601857, at *2 (E.D. Wis. Oct. 28, 2024) (Griesbach, J.) ("When a suit seeks declaratory relief, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation. The value of the object of

the litigation is the pecuniary result that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment.").

33. Finally, Bank First claims a contractual right to attorney's fees stemming from the participation agreements. (*E.g.*., Compl. ¶ 64.) Considering the 94-paragraph Complaint Bank First filed in state court, it is plausible that attorney's fees alone are likely to exceed $75,000 when all is said and done. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them based on contract").

34. The foregoing allegations made by Bank First make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

35. Because there is complete diversity of citizenship between Bank First, on the one hand, and InterBank on the other, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by InterBank pursuant to 28 U.S.C. §§ 1332 and 1441.

***

WHEREFORE, InterBank hereby removes this action from the Circuit Court for Manitowoc County, Wisconsin, to the Green Bay Division of the United States District Court for Eastern District of Wisconsin.

Dated this 20th day of November, 2026.

By: *s/ Christopher E. Avallone*

Susan E. Lovern, SBN 1025632
Christopher E. Avallone, SBN 1095465
Mackenzie L. Retzlaff, SBN 1142567
VON BRIESEN & ROPER, S.C.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Avallone Phone: (414) 287-1412
Avallone Fax: (414) 238-6664
Email: susan.lovern@vonbriesen.com,
christopher.avallone@vonbriesen.com,
mackenzie.retzlaff@vonbriesen.com

*Attorneys for Defendant Interbank*

45190122.5.DOCX